1  David J. Weiss, Esq., SBN 78542
   Danielle F. Drossel, Esq., SBN 261320
2  **LAW OFFICES OF DAVID J. WEISS**
   11340 West Olympic Boulevard, Suite 100
3  Los Angeles, California 90064
   Phone Number: (310) 575-9566
4  Fax Number:   (310) 575-9576
   weissd@djwlaw.com
5  drosseld@djwlaw.com

6

7  Attorneys for Defendants,
   **COUNTY OF LOS ANGELES, MICHELE LOYA-CHHABRA, XIOMARA
   FLORES-HOLGUIN, MELANIE PELLERIN, TIKA SMITH, BELINDA
8  WILLIAMS, ORELL WILLIAMS, and CYNTHIA COLEMAN**

9                    UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11

12

13  DARLENE FERGUSON and RYAN          )   CASE NO. CV12-06865 JAK (Ex)
    K., individuals                    )
14                                     )   **DEFENDANTS COUNTY OF LOS
                                       )   ANGELES, MICHELE LOYA-
15         Plaintiffs,                 )   CHHABRA, XIOMARA FLORES-
                                       )   HOLGUIN, MELANIE
16         vs.                         )   PELLERIN, TIKA SMITH,
                                       )   BELINDA WILLIAMS, ORELL
17  COUNTY OF LOS ANGELES;             )   WILLIAMS, AND CYNTHIA
    MICHELE LOYA-CHHABRA, in her       )   COLEMAN'S ANSWER TO
    personal capacity; XIOMARA         )   PLAINTIFFS' COMPLAINT AND
18  FLORES-HOLGUIN, in her personal    )   REQUEST FOR JURY TRIAL**
    capacity; BRENDA E. BERRYHILL,     )
19  in her personal capacity; MELANIE  )
    PELLERIN, in her personal capacity;)
20  TIKA SMITH, in her personal        )
    capacity; BELINDA WILLIAMS, in     )   **Honorable JOHN A. KRONSTADT**
21  her personal capacity;ORELL        )
    WILLIAMS, in her personal          )
22  capacity;CYNTHIA COLEMAN, in       )
    her personal capacity; and DOES 1  )
23  THROUGH 10, INCLUSIVE,             )
                                       )
24         Defendants.                 )

25

26  **TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

27      **COMES NOW**, Defendants COUNTY OF LOS ANGELES, MICHELE

28  LOYA-CHHABRA, XIOMARA FLORES-HOLGUIN, MELANIE PELLERIN,

- 1 -
**ANSWER TO COMPLAINT AND REQUEST FOR JURY TRIAL**
**CASE NO. CV12-06865**

TIKA SMITH, BELINDA WILLIAMS, ORELL WILLIAMS, and CYNTHIA COLEMAN answering Plaintiffs' Complaint on file herein, admit, deny and allege as follows:

1.      Answering paragraph 1, Defendants admit that, pursuant to Plaintiffs' allegations, jurisdiction is proper as to Plaintiffs' claim asserted under 42 U.S.C. § 1983.  However, Defendants do not concede Plaintiffs' allegations to be true or accurate.  Nor do Defendants concede supplemental jurisdiction of Plaintiffs' state law claims.

2.      Answering paragraph 2, Defendants admit that venue is appropriate in the Central District of California.

3.      Answering paragraph 3, Defendants are presently without sufficient knowledge or information as to the allegations of this paragraph, and on that basis deny said allegations.

4.      Answering paragraph 4, Defendants are presently without sufficient knowledge or information as to the allegations of this paragraph, and on that basis deny said allegations.

5.      Answering paragraph 5, Defendants are presently without sufficient knowledge or information as to the allegations of this paragraph, and on that basis deny said allegations.

6.      Answering paragraph 6, Defendants are presently without sufficient information or knowledge to enable them to answer said paragraph, and on that ground deny each and every allegation contained therein.

7.      Answering paragraph 7, Defendants are presently without sufficient information or knowledge to enable them to answer said paragraph, and on that ground deny each and every allegation contained therein.

8.      Answering paragraph 8, Defendants admit that the COUNTY OF LOS ANGELES was and is a public entity and that the LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES was and is a

1  department of the COUNTY OF LOS ANGELES.  Except as so admitted, defendants

2  deny each and every allegation contained in said paragraph.

3        9.     Answering paragraph 9, Defendants admit that the COUNTY OF LOS

4  ANGELES was and is a public entity and that the LOS ANGELES COUNTY

5  DEPARTMENT OF CHILDREN AND FAMILY SERVICES was and is a

6  department of the COUNTY OF LOS ANGELES.  Except as so admitted, defendants

7  deny each and every allegation contained in said paragraph.

8        10.    To the extent that the allegations of paragraph 10 constitute conclusions

9  of law, they do not require a response. As to the factual allegations contained in

10  paragraph 10, Defendants deny each and every allegation contained therein.

11        11.    To the extent that the allegations of paragraph 11 constitute conclusions

12  of law, they do not require a response. As to the factual allegations contained in

13  paragraph 11, Defendants deny each and every allegation contained therein.

14        12.    To the extent that the allegations of paragraph 12 constitute conclusions

15  of law, they do not require a response. As to the factual allegations contained in

16  paragraph 12, Defendants deny each and every allegation contained therein.

17        13.    To the extent that the allegations of paragraph 13 constitute conclusions

18  of law, they do not require a response. As to the factual allegations contained in

19  paragraph 13, Defendants deny each and every allegation contained therein.

20        14.    To the extent that the allegations of paragraph 14 constitute conclusions

21  of law, they do not require a response.

22        15.    To the extent that the allegations of paragraph 15 constitute conclusions

23  of law, they do not require a response.

24        16.    Answering paragraph 16, Defendants are presently without sufficient

25  information or knowledge to enable them to answer said paragraph, and on that

26  ground deny each and every allegation contained therein.

27        17.    Answering paragraph 17, Defendants do not object to Plaintiffs' referral

28  to all COUNTY employee defendants, collectively as "COUNTY DEFENDANTS."

## GENERAL ALLEGATIONS

18. To the extent that the allegations of paragraph 18 constitute conclusions of law, they do not require a response. As to the factual allegations contained in paragraph 18, Defendants deny each and every allegation contained therein.

19. To the extent that the allegations of paragraph 19 constitute conclusions of law, they do not require a response. As to the factual allegations contained in paragraph 19, Defendants deny each and every allegation contained therein.

20. To the extent that the allegations of paragraph 20 constitute conclusions of law, they do not require a response. As to the factual allegations contained in paragraph 20, Defendants deny each and every allegation contained therein.

21. To the extent that the allegations of paragraph 21 constitute conclusions of law, they do not require a response. As to the factual allegations contained in paragraph 21, Defendants deny each and every allegation contained therein.

22. Answering paragraph 22, Defendants are presently without sufficient information or knowledge to enable them to answer said paragraph, and on that ground deny each and every allegation contained therein.

23. Answering paragraph 23, Defendants are presently without sufficient information or knowledge to enable them to answer said paragraph, and on that ground deny each and every allegation contained therein.

24. Answering paragraph 24, Defendants are presently without sufficient information or knowledge to enable them to answer said paragraph, and on that ground deny each and every allegation contained therein.

25. Answering paragraph 25, Defendants are presently without sufficient information or knowledge to enable them to answer said paragraph, and on that ground deny each and every allegation contained therein.

26. Answering paragraph 26, Defendants are presently without sufficient information or knowledge to enable them to answer said paragraph, and on that ground deny each and every allegation contained therein.

27.     Answering paragraph 27, Defendants are presently without sufficient information or knowledge to enable them to answer said paragraph, and on that ground deny each and every allegation contained therein.

28.     Answering paragraph 28, Defendants are presently without sufficient information or knowledge to enable them to answer said paragraph, and on that ground deny each and every allegation contained therein.

29.     Answering paragraph 29, Defendants are presently without sufficient information or knowledge to enable them to answer said paragraph, and on that ground deny each and every allegation contained therein.

30.     Answering paragraph 30, Defendants are presently without sufficient information or knowledge to enable them to answer said paragraph, and on that ground deny each and every allegation contained therein.

31.     Answering paragraph 31, Defendants are presently without sufficient information or knowledge to enable them to answer said paragraph, and on that ground deny each and every allegation contained therein.

32.     Answering paragraph 32, Defendants are presently without sufficient information or knowledge to enable them to answer said paragraph, and on that ground deny each and every allegation contained therein.

33.     Answering paragraph 33, Defendants are presently without sufficient information or knowledge to enable them to answer said paragraph, and on that ground deny each and every allegation contained therein.

34.     Answering paragraph 34, Defendants are presently without sufficient information or knowledge to enable them to answer said paragraph, and on that ground deny each and every allegation contained therein.

35.     Answering paragraph 35, Defendants are presently without sufficient information or knowledge to enable them to answer said paragraph, and on that ground deny each and every allegation contained therein.

36.     Answering paragraph 36, Defendants are presently without sufficient

1 information or knowledge to enable them to answer said paragraph, and on that
2 ground deny each and every allegation contained therein.

3       37.    Answering paragraph 37, Defendants are presently without sufficient
4 information or knowledge to enable them to answer said paragraph, and on that
5 ground deny each and every allegation contained therein.

6       38.    Answering paragraph 38, Defendants are presently without sufficient
7 information or knowledge to enable them to answer said paragraph, and on that
8 ground deny each and every allegation contained therein.

9       39.    Answering paragraph 39, Defendants are presently without sufficient
10 information or knowledge to enable them to answer said paragraph, and on that
11 ground deny each and every allegation contained therein.

12       40.    Answering paragraph 40, Defendants are presently without sufficient
13 information or knowledge to enable them to answer said paragraph, and on that
14 ground deny each and every allegation contained therein.

15       41.    Answering paragraph 41, Defendants are presently without sufficient
16 information or knowledge to enable them to answer said paragraph, and on that
17 ground deny each and every allegation contained therein.

18       42.    Answering paragraph 42, Defendants are presently without sufficient
19 information or knowledge to enable them to answer said paragraph, and on that
20 ground deny each and every allegation contained therein.

21       43.    Answering paragraph 43, Defendants are presently without sufficient
22 information or knowledge to enable them to answer said paragraph, and on that
23 ground deny each and every allegation contained therein.

24 **DAMAGES**

25       44.    To the extent that the allegations of paragraph 44 constitute conclusions
26 of law, they do not require a response. As to the factual allegations contained in
27 paragraph 44, Defendants deny each and every allegation contained therein.

28       45.    To the extent that the allegations of paragraph 45 constitute conclusions

1    of law, they do not require a response. As to the factual allegations contained in
2    paragraph 45, Defendants deny each and every allegation contained therein.

3        46.    To the extent that the allegations of paragraph 46 constitute conclusions
4    of law, they do not require a response. As to the factual allegations contained in
5    paragraph 46, Defendants deny each and every allegation contained therein.

6        47.    To the extent that the allegations of paragraph 47 constitute conclusions
7    of law, they do not require a response. As to the factual allegations contained in
8    paragraph 47, Defendants deny each and every allegation contained therein.

9        48.    To the extent that the allegations of paragraph 48 constitute conclusions
10   of law, they do not require a response. As to the factual allegations contained in
11   paragraph 48, Defendants deny each and every allegation contained therein.

12                        **FIRST CAUSE OF ACTION**
13              *Violation of Civil Rights - 42 U.S.C. § 1983*

14       49.    Defendants refer to and incorporate by reference their answers as
15   provided in paragraphs 1-48 above.

16       50.    To the extent that the allegations of paragraph 50 constitute conclusions
17   of law, they do not require a response. As to the factual allegations contained in
18   paragraph 50, Defendants deny each and every allegation contained therein.

19       51.    To the extent that the allegations of paragraph 51 constitute conclusions
20   of law, they do not require a response. As to the factual allegations contained in
21   paragraph 51, Defendants deny each and every allegation contained therein.

22       52.    To the extent that the allegations of paragraph 52 constitute conclusions
23   of law, they do not require a response. As to the factual allegations contained in
24   paragraph 52, Defendants deny each and every allegation contained therein.

25       53.    To the extent that the allegations of paragraph 53 constitute conclusions
26   of law, they do not require a response. As to the factual allegations contained in
27   paragraph 53, Defendants deny each and every allegation contained therein.

28       54.    To the extent that the allegations of paragraph 54 constitute conclusions

1  of law, they do not require a response. As to the factual allegations contained in
2  paragraph 54, Defendants deny each and every allegation contained therein.

3      55.   To the extent that the allegations of paragraph 55 constitute conclusions
4  of law, they do not require a response. As to the factual allegations contained in
5  paragraph 55, Defendants deny each and every allegation contained therein.

6      56.   To the extent that the allegations of paragraph 56 constitute conclusions
7  of law, they do not require a response. As to the factual allegations contained in
8  paragraph 56, Defendants deny each and every allegation contained therein.

9      57.   To the extent that the allegations of paragraph 57 constitute conclusions
10  of law, they do not require a response. As to the factual allegations contained in
11  paragraph 57, Defendants deny each and every allegation contained therein.

12              **SECOND CAUSE OF ACTION**

13        *Violation of Civil Rights - California Civil Code § 52.1*

14      58.   Defendants refer to and incorporate by reference their answers as
15  provided in paragraphs 1-57 above.

16              **THIRD CAUSE OF ACTION**

17        *Intentional Infliction of Emotional Distress*

18      59.   Defendants refer to and incorporate by reference their answers as
19  provided in paragraphs 1-58 above.

20      60.   To the extent that the allegations of paragraph 60 constitute conclusions
21  of law, they do not require a response. As to the factual allegations contained in
22  paragraph 60, Defendants deny each and every allegation contained therein.

23      61.   To the extent that the allegations of paragraph 61 constitute conclusions
24  of law, they do not require a response. As to the factual allegations contained in
25  paragraph 61, Defendants deny each and every allegation contained therein.

26      62.   To the extent that the allegations of paragraph 62 constitute conclusions
27  of law, they do not require a response. As to the factual allegations contained in
28  paragraph 62, Defendants deny each and every allegation contained therein.

63.    To the extent that the allegations of paragraph 63 constitute conclusions of law, they do not require a response. As to the factual allegations contained in paragraph 63, Defendants deny each and every allegation contained therein.

64.    To the extent that the allegations of paragraph 64 constitute conclusions of law, they do not require a response. As to the factual allegations contained in paragraph 64, Defendants deny each and every allegation contained therein.

## FOURTH CAUSE OF ACTION

### *Monell Claim*

65.    Defendants refer to and incorporate by reference their answers as provided in paragraphs 1-64 above.

66.    To the extent that the allegations of paragraph 66 constitute conclusions of law, they do not require a response. As to the factual allegations contained in paragraph 66,Defendants deny each and every allegation contained therein.

67.    To the extent that the allegations of paragraph 67 constitute conclusions of law, they do not require a response. As to the factual allegations contained in paragraph 67,Defendants deny each and every allegation contained therein.

68.    To the extent that the allegations of paragraph 68 constitute conclusions of law, they do not require a response. As to the factual allegations contained in paragraph 68, Defendants deny each and every allegation contained therein.

69.    To the extent that the allegations of paragraph 69 constitute conclusions of law, they do not require a response. As to the factual allegations contained in paragraph 69, Defendants deny each and every allegation contained therein.

In addition to the preceding Answers and/or Responses to the specific allegations in Plaintiffs' Complaint, Defendants further raise the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

70.    Defendants hereby allege that Plaintiffs' Complaint, and each and every cause of action contained therein, fails to state facts sufficient to constitute a cause

ANSWER TO COMPLAINT AND REQUEST FOR JURY TRIAL
CASE NO. CV12-06865

1   of action against Defendants; or, in the alternative, that this action should be

2   dismissed under FRCP 12(b)(6) for failure to state a claim upon which relief may be

3   granted.

4   ## SECOND AFFIRMATIVE DEFENSE

5   71.   The damages sustained by Plaintiffs, if any, were proximately caused by

6   the acts, omissions, negligence, fraud and/or breach of obligations by persons or

7   entities other than these answering Defendants, and these answering Defendants

8   request that an allocation of such negligence and liability be made among other

9   persons or entities, and that if any liability is found on the part of these answering

10  Defendants, judgment against said Defendants only be in the amount which is

11  proportionate to the extent and percentage by which these answering Defendant's

12  actual omission contributed to Plaintiffs' injuries.

13  ## THIRD AFFIRMATIVE DEFENSE

14  72.   The damages sustained by Plaintiffs, if any, were legally caused and/or

15  contributed to by Plaintiffs' own acts, omissions, negligence, and/or failure to take

16  reasonable and necessary actions to eliminate, mitigate, lessen, reduce and/or

17  minimize such damages, thus barring or reducing Plaintiffs' recovery.

18  ## FOURTH AFFIRMATIVE DEFENSE

19  73.   Plaintiffs knowingly and voluntarily assumed the risk of the conduct,

20  events and matter alleged in the subject complaint, and any injuries or damages

21  sustained by Plaintiffs was the sole, exclusive and legal result of risks so assumed,

22  thereby barring or reducing Plaintiffs' recovery herein.

23  ## FIFTH AFFIRMATIVE DEFENSE

24  74.   Plaintiffs are barred from recovery herein, in whole or in part, by reason

25  of Plaintiffs failure to mitigate damages.

26  ## SIXTH AFFIRMATIVE DEFENSE

27  75.   Without admitting liability, these answering Defendants allege that the

28  individuals identified by Plaintiffs as involved in the alleged improper conduct were

1 not acting within the course and scope of any employment or agency with these
2 answering Defendants at the time of the subject incident(s) and, therefore, these
3 answering Defendants are not responsible nor liable for the alleged wrongful conduct.

### SEVENTH AFFIRMATIVE DEFENSE

5      76.    Plaintiffs action is barred by the failure of Plaintiffs to join, in a timely
6 fashion, indispensable and/or necessary parties to this action.

### EIGHTH AFFIRMATIVE DEFENSE

8      77.    The causes of action alleged in the complaint are barred by the
9 applicable statutes of limitations.

### NINTH AFFIRMATIVE DEFENSE

11      78.    Plaintiffs have failed to comply with the claims filing requirements for
12 actions against public entities as set forth in Government Code §§ 901, 905, 905.2,
13 910, 911.2, 911.3, 911.4 and 945.4 and/or 945.6.

### TENTH AFFIRMATIVE DEFENSE

15      79.    The factual circumstances set forth in Plaintiffs' government claim do
16 not correspond with the facts alleged in Plaintiffs' complaint. The complaint thereby
17 alleges a factual basis for recovery which is not fairly reflected in the written claim.

### ELEVENTH AFFIRMATIVE DEFENSE

19      80.    Without admitting liability, Defendants allege that the County of Los
20 Angeles, a public entity, is not liable for the act or injury of an employee when the
21 employee is immune from liability.

### TWELFTH AFFIRMATIVE DEFENSE

23      81.    Without admitting liability, Defendants allege that the County of Los
24 Angeles, a public entity and its employees are immune from liability for injury,
25 whether caused by act or omission of the public entity, an employee thereof or any
26 other person, except as expressly provided by statute.

### THIRTEENTH AFFIRMATIVE DEFENSE

28      82.    Without admitting liability, Defendants allege that the County of Los

- 11 -

1  Angeles, a public entity, is not liable for an injury caused by misrepresentation by an

2  employee of the public entity, whether negligent or intentional.

3  **FOURTEENTH AFFIRMATIVE DEFENSE**

4      83.    Defendants assert as an affirmative defense, all of the legal privileges

5  and immunities allowed under law, including those set forth in Government Code

6  §§ 815 and 815.2, 815.3, 815.6,818,818.2, 818.8, 820.2, 820.4, 821.4.

7  **FIFTEENTH AFFIRMATIVE DEFENSE**

8      84.    Defendants are immune from the claims, causes of action and allegations

9  of Plaintiffs, pursuant to Federal and State law and decisional authority, including

10 California Government Code § 820.2; F.E. Trotter, Inc. V. Watkins (9th Cir. 1989)

11 869 F.2d 1312, 1314; Harlow v. Fitzgerald (1982) 457 U.S. 800, 818, 102 S.Ct. 2727,

12 2738, 73 L.Ed.2d 396; Imbler v. Pachtman (1976) 424 U.S. 409; Gensburg v. Mmiller

13 (1994) 31 Cal.App.4th 512; Butz v. Economou (1978) 438 U.S. 478; Demery v.

14 Kupperman (9th Cir. 1984) 735 F.2d 1139; Becerra v. County of Santa Cruz (1999)

15 68 Cal.App.4th 1450, 81 Cal.Rptr.2d 165, citing Ronald S. V. County of San Diego

16 (1993) 16 Cal.App.4th 887, 898.

17 **SIXTEENTH AFFIRMATIVE DEFENSE**

18     85.    Defendants are immune from the claims, causes of action and allegations

19 of Plaintiffs, pursuant to Federal and State law and decisional authority, including

20 Meyers v. Contra Costa County Department of Social Services (9th Cir. 1987) 812

21 F.2d 1154.

22 **SEVENTEENTH AFFIRMATIVE DEFENSE**

23     86.    Without admitting liability, these answering Defendants allege that they

24 is immune from the claims, causes of action and allegations of Plaintiffs, pursuant to

25 Government Code § 821.6, which states that "A public employee is not liable for

26 injury caused by his instituting or prosecuting any judicial or administrative

27 proceeding within the scope of his employment, even if he acts maliciously and

28 without probable cause."

- 12 -

1

### EIGHTEENTH AFFIRMATIVE DEFENSE

2       87.   As a further, separate and affirmative defense to Plaintiffs' Complaint,

3  and each cause of action thereof, Defendants allege that they are entitled to absolute

4  immunity from the claims, causes of action and allegations of Plaintiffs, pursuant to

5  the absolute, judicial, prosecutorial and testimony privilege of federal law.

6

### NINETEENTH AFFIRMATIVE DEFENSE

7       88.   As a further, separate and affirmative defense to Plaintiffs' Complaint,

8  and each cause of action thereof, Defendants allege, without admitting liability, that

9  they are entitled to qualified immunity because the applicable law was not clearly

10 established and because a reasonable official in the same position could have believed

11 that there conduct was lawful. In addition, Defendants are entitled to qualified

12 immunity since Defendants are public officials and the actions complained of

13 involved discretionary functions that were not prohibited by law.

14

### TWENTIETH AFFIRMATIVE DEFENSE

15      89.   The claims in the Complaint are barred, in whole or in part, by the

16 doctrine of laches.

17

### TWENTY-FIRST AFFIRMATIVE DEFENSE

18      90.   The claims in the Complaint are barred, in whole or in part, by the

19 doctrine of waiver.

20

### TWENTY-SECOND AFFIRMATIVE DEFENSE

21      91.   The claims in the Complaint are barred, in whole or in part, by the

22 doctrine of unclean hands.

23

### TWENTY-THIRD AFFIRMATIVE DEFENSE

24      92.   The causes of action alleged in the complaint are barred by the

25 applicable statutes of limitations, including without limitation, section 335.1 of the

26 California Code of Civil Procedure.

27

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

28      93.   Without admitting liability, Defendants allege that causes of action set

1  forth in Plaintiffs' Complaint are barred by the Statute of Limitations as set forth in
2  Government Code §§ 900, et seq., including without limitation sections 905, 910,
3  935, 940, 945, 945.4, 945.6, 946, and 950.

4  **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

5  94.  To the extent that the injuries alleged herein, if any, resulted from acts
6  and/or omissions of employees, servants or agents of the County of Los Angeles,
7  those individuals are immune from liability under 42 U.S.C. section 1983 for those
8  acts and/or omissions performed in their official capacity, and not in their personal
9  capacity, and in acting as state officials, they are immune from suit under the
10 Eleventh Amendment to the United States Constitution. McMillian v. Monroe County
11 (1997) 520 U.S. 781, 117 S.Ct. 1734; County of Los Angeles v. Superior Court
12 (Peters) (1998) 68 Cal.App.4th 1166; Brandt v. Board of Supervisors (1978) 84
13 Cal.App.3d 598.

14 **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

15 95.  Defendants allege, without admitting liability or facts contained within
16 the subject Complaint, that any acts, conduct or statements made by County of Los
17 Angeles or any of its employees, were privileged pursuant to California law
18 including, but not limited to California Civil Code § 47 and California Code of Civil
19 Procedure § 425.16.

20 **TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

21 96.  Defendants allege that any recovery to which Plaintiffs might otherwise
22 be entitled must be reduced by reason of Plaintiffs' contributory or comparative bad
23 faith.

24 **TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

25 97.  Defendants allege that, pursuant to California Welfare and Institutions
26 Code, §§ 300, 305, 307 and 309, the actions of the Defendants were reasonable,
27 proper, authorized and lawful.

28 ///

- 14 -
ANSWER TO COMPLAINT AND REQUEST FOR JURY TRIAL
CASE NO. CV12-06865

## TWENTY-NINTH AFFIRMATIVE DEFENSE

98.    Defendants allege, without admitting liability or the truth of Plaintiffs' allegations, that Defendants had authority to take custody of Plaintiffs, pursuant to California <u>Welfare and Institutions Code</u>, §§ 305 and 306, and that the actions of these answering Defendants were reasonable, proper, authorized and lawful.

## THIRTIETH AFFIRMATIVE DEFENSE

99.    Defendants allege, without admitting liability or the truth of Plaintiffs' allegations, that the scope of any alleged intrusion was reasonably necessary to avert injury to a child.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

100.    Defendants allege, without admitting liability or the truth of Plaintiffs' allegations, that Defendants' conduct is protected by the defense of others privilege.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

101.    Defendants allege that the Complaint is barred by the doctrine of collateral estoppel.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

102.    Defendants allege, without admitting liability, that any action taken by Defendants was consented to by Plaintiffs.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

103.    Defendants allege that Plaintiff failed to state facts sufficient to state a claim for pre-judgment interest.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

104.    Defendants allege that Plaintiff may not seek a claim for pre-judgment interest against government entities, such as the County, and their public employees.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

105.    Defendants allege that the imposition of punitive damages violates Defendants' rights to due process.

///

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

106.   Defendants allege that the imposition of punitive damages constitutes an impermissible restriction on speech and a violation of the First Amendment of the United States Constitution.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

107.   Defendants allege that any of Defendants' conduct, actions and/or omissions as alleged by Plaintiffs, fails to meet the definitional standards of "malice," "oppression," and/or "fraud" pursuant to California Civil Code § 3294, to justify an award of punitive and/or exemplary damages.   Further, Defendants allege that Plaintiffs' Complaint fails to meet a clear and convincing burden of proof to justify an award of punitive and/or exemplary damages against these answering Defendants, as required by California Civil Code § 3294, and applicable Federal Law and decisional authority.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

108.   Plaintiff is precluded from recovering punitive or exemplary damages under applicable provisions of law against a public entity such as the County of Los Angeles.

**FORTIETH AFFIRMATIVE DEFENSE**

109.   Defendants allege that Plaintiff failed to state facts sufficient to state a claim for injunctive relief.

**FORTY-FIRST AFFIRMATIVE DEFENSE**

110.   Defendants allege that Plaintiff may not seek a claim for injunctive relief against government entities, such as the County, and their public employees.

**FORTY-SECOND AFFIRMATIVE DEFENSE**

111.   Defendants allege that Plaintiffs' claims are unreasonable and/or were filed in bad faith and/or are frivolous and, for these reasons, justify an award of attorneys' fees and costs against Plaintiff.

///

ANSWER TO COMPLAINT AND REQUEST FOR JURY TRIAL

CASE NO. CV12-06865

## FORTY-THIRD AFFIRMATIVE DEFENSE

112. Defendants MICHELE LOYA-CHHABRA, XIOMARA FLORES-HOLGUIN, MELANIE PELLERIN, TIKA SMITH, BELINDA WILLIAMS, ORELL WILLIAMS, and CYNTHIA COLEMAN assert the defense of insufficiency of process and insufficiency of service of process and do not intend this Answer to constitute a waiver of these defenses.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

113. Defendants cannot fully anticipate all affirmative defenses that may be applicable to this action based upon the conclusory and general terms used in the Complaint. Accordingly, defendants reserve the right to assert additional defenses as applicable.

**WHEREFORE,** Defendants, COUNTY OF LOS ANGELES, MICHELE LOYA-CHHABRA, XIOMARA FLORES-HOLGUIN, MELANIE PELLERIN, TIKA SMITH, BELINDA WILLIAMS, ORELL WILLIAMS, and CYNTHIA COLEMAN pray:

1.    That Plaintiffs take nothing by this action and that judgment be entered in Defendants' favor;

2.    That this action be dismissed;

3.    That Defendants be awarded costs and expenses in defending the action including reasonable attorney's fees; and

///
///
///
///
///
///
///

1      4.    For such other and further relief as this Court may deem just and

2          proper, including an award of attorney's fees pursuant to 42 U.S.C. §

3          1988, and that if Defendants are found liable, the degree of

4          responsibility and liability for the resulting damage be determined so

5          that Defendants may be held liable only for that portion of the total

6          damage in proportion to its liability for same.

7

8  DATED: February 5 , 2013        **LAW OFFICES OF DAVID J. WEISS**

9

10                         DAVID J. WEISS, ESQ.

11                         DANIELLE F. DROSSEL, ESQ.

12                         Attorneys for Defendant,
                           **COUNTY OF LOS ANGELES, et al.**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 18 -

1

## DEMAND FOR JURY TRIAL

2       Pursuant to Federal Rule of Civil Procedure 38 and Local Rule 38 of the

3  Central District of California Defendants hereby demand a trial by jury as to all issues

4  and allegations contained within Plaintiffs' Complaint.

5

6  DATED: February 5 , 2013            LAW OFFICES OF DAVID J. WEISS

7

8                                      DAVID J. WEISS, ESQ.

9                                      DANIELLE F. DROSSEL, ESQ.
                                       Attorneys for Defendant,
10                                     COUNTY OF LOS ANGELES, et al.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 19 -