1   Liana Serobian, Esq., SBN 235466
    SEROBIAN LAW, INC.
2   100 North Brand Blvd., Suite 600
    Glendale, California 91203
3   Phone: (818) 539-2249
    Fax: (818) 539-2250
4   Email: l.serobian@yahoo.com

5   Attorney for Plaintiffs, DARLENE FERGUSON and RYAN K.

6   David J. Weiss, Esq., SBN 78542
    Danielle F. Drossel. Esq., SBN 261320
7   **LAW OFFICES OF DAVID J. WEISS**
    11340 W. Olympic Boulevard, Suite 100
8   Los Angeles, California 90064
    Phone: (310) 575-9566
9   Fax:  (310) 575-9576
    Email: weissd@djwlaw.com
10          drosseld@djwlaw.com

11  Attorneys for Defendant,
    **COUNTY OF LOS ANGELES, MICHELE LOYA-CHHABRA, XIOMARA**
12  **FLORES-HOLGUIN, MELANIE PELLERIN, TIKA SMITH, BELINDA**
    **WILLIAMS, ORELL WILLIAMS, and CYNTHIA COLEMAN**

13

14              UNITED STATES DISTRICT COURT

15              CENTRAL DISTRICT OF CALIFORNIA

16  DARLENE FERGUSON and RYAN    ) Case No.: CV12-06865 JAK (Ex)
17  K., individuals              )
                                 )
18          Plaintiff,           ) **JOINT RULE 16(b) REPORT**
                                 )
19      vs.                      )
                                 )
20  COUNTY OF LOS ANGELES;       )
    MICHELE LOYA-CHHABRA, in her )
21  personal capacity; XIOMARA   )
    FLORES-HOLGUIN, in her personal )
22  capacity; BRENDA E. BERRYHILL, in )
    her personal capacity; MELANIE )
23  PELLERIN, in her personal capacity; )
    TIKA SMITH, in her personal capacity; )
24  BELINDA WILLIAMS, in her personal )
    capacity; ORELL WILLIAMS, in her )
25  personal capacity; CYNTHIA   )
    COLEMAN, in her personal capacity; )
26  and DOES 1 THROUGH 10,       )
27  INCLUSIVE,                   )
                                 )
28          Defendants.          )
                                 )

-- 1 --

Pursuant to Federal Rules of Civil Procedure 26(f), a meeting was held on March 20, 2013, via telephone conference. The participants were Liana Serobian, attorney for Plaintiffs DARLENE FERGUSON and RYAN K., a minor, by and through his Guardian Ad Litem; and Danielle F. Drossel, Esq., attorney for Defendants COUNTY OF LOS ANGELES, MICHELE LOYA-CHHABRA, XIOMARA FLORES-HOLGUIN, MELANIE PELLERIN, TIKA SMITH, BELINDA WILLIAMS, ORELL WILLIAMS, and CYNTHIA COLEMAN.

The Parties herein, having met and conferred, now submit the following Joint Rule 16(b) Report in this matter as follows:

a.    **Statement of the Case**

**(1) Nature and Basis of Plaintiffs' Claims:**

This suit, brought under 42 U.S.C. § 1983, arises from the alleged warrantless removal of a nine-year old boy, plaintiff R.K. ("R.K."), on August 20, 2010, from the custody and care of his mother, plaintiff Darlene Ferguson ("mother"), the only custodial parent the child had known during his life. On August 14, 2010, mother was involved in a vehicular incident, after which she was arrested and served jail for 10 days because she did not have the funds to post a bond. R.K. was not involved or present at the incident and mother placed him in the care of his maternal grandmother during the 10-day period, with whom the child was strongly bonded. Mother had no previous arrests or run-ins with the law

and the original charges for this isolated incident were dropped, with her pleading to a misdemeanour assault and receiving a summary probation. Despite the fact that mother had placed R.K. with the maternal grandmother, an appropriate placement option deemed by the Los Angeles County Department of Children and Family Services ("DCFS") social workers, and R.K. denied any kind of abuse and/or neglect and there were no signs of such, on August 17, 2010, social workers threatened that if the grandmother did not bring R.K. to their office for an interview they would remove him from her care. At the in-office interview on August 20, 2010, where no signs of abuse or neglect were established, the DCFS social worker CHHABRA and her supervising social worker FLORES-HOLGUIN, took R.K. into protective custody without a warrant and then placed him back with the maternal grandmother (the same placement chosen by mother) on the sham grounds of caretaker absence (mother's incarceration) and emotional abuse.

This suit further arises from the subsequent deceptive misrepresentations, fabrications, and suppression of evidence by various DCFS social workers before the juvenile court in order to ensure that Plaintiffs would not, and could not obtain a fair hearing before the Juvenile Court. In its original dependency petition filed on R.K.'s behalf, in addition to other allegations, the social workers alleged that R.K.'s father, Garland K. ("father"), had failed to pay child support and, therefore, pursuant to the Welfare and Institutions Code section 300, subdivision (g), he had

failed to support his child. However, by the time of the hearing on the petition, the social workers were recommending that R.K. be placed in the physical custody of his father and termination of jurisdiction over R.K. with sole legal and physical custody to father - despite the fact that R.K. had not seen his father for three years and father had failed to support or maintain a relationship in any way. To achieve this goal, at the hearing on the petition, the DCFS social workers recommended that the allegations against father that made him an offending parent be dismissed so that the court could place R.K. in father's custody and terminate jurisdiction. Doing so, the social workers concealed from the juvenile court the evidence that father had failed to pay child support ordered by the family court since January 2010 and had no bed for R.K. or other appropriate provisions for support at his home.

   As a result of these fabrications, concealments, and suppressions of evidence by the DCFS social workers, mother was deprived of a fair hearing and the juvenile court relied on their recommendations in terminating jurisdiction over R.K. with both legal and physical custody granted to an essentially absentee parent, R.K.'s father. Thereafter, for close to two years while R.K. remained in father's physical custody, R.K. suffered severe neglect in the hands of his father. R.K. slept on the floor in the father's home, was medically neglected by his father when had an ear infection (mother provided the medical care), had extensive absences

from school and father was referred to the District Attorney's office for that reason, was left at school for about two hours after the school closed, was constantly left at the home of the father's girlfriend's mother, was failing his classes and the school year.  R.K. was no longer involved in the many sports and extracurricular activities mother had him enrolled.

Father also denied mother any visitation with R.K. and mother was forced to visit him at school during lunch time, during which time she did his homework, bought him books and other learning materials, clothes and shoes, and all other necessaries of life.  Mother informed the social workers that R.K. was sleeping on the floor and that his medical and educational needs were neglected, but those were ignored and no investigation was done on R.K.'s care in father's home.  Mother battled through the family court, juvenile court, and appellate court systems to finally regain custody of her son, R.K., almost two years after his warrantless removal by the DCFS social workers.  R.K. was again enrolled in sports and other after-school activities; is healthy and flourishing in mother's custody.

Plaintiffs further allege that the County of Los Angeles has several unconstitutional policies, practices, or customs, which were the "moving force" behind the violations alleged.  See, *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978).  Among others, Plaintiffs allege that the County has:

a. the policy of detaining and/or removing children from their family and homes without exigent circumstances (imminent danger of serious physical injury), court order and/or consent;

b. the policy of removing children from their family and their homes without first obtaining a warrant or other court order when no exigency exists;

c. the policy of examining children without exigency, need, or proper court order, and without the presence and/or consent of their parent or guardian;

d. the policy of removing and detaining children, and continuing to detain them for an unreasonable period after any alleged basis for detention is negated.

e. the policy of using trickery, duress, fabrication and/or false testimony and/or evidence, and in failing to disclose exculpatory evidence, in preparing and presenting reports and court documents to the Court, causing an interference with the Plaintiff's rights, including those as to familial relations; and

f. by acting with deliberate indifference in implementing a policy of inadequate training, and/or by failing to train its officers, agents, employees and state actors, in providing the constitutional protections guaranteed to individuals,

including those under the Fourth and Fourteenth Amendments, when performing actions related to child abuse and dependency type proceedings.

g.    by acting with deliberate indifference in implementing a policy of inadequate supervision, and/or by failing to adequately supervise its officers, agents, employees and state actors, in providing the constitutional protections guaranteed to individuals, including those under the Fourth and Fourteenth Amendments, when performing actions related to child abuse and dependency type proceedings.

h.    The policy of making false allegations in a Juvenile Dependency Petitions, i.e. alleging that a parent has failed to protect a child under Welfare and Institutions Code §300(b), where there is no evidentiary basis to support the charge.

Plaintiffs allege that the County of Los Angeles, by and through its policymakers, were deliberately indifferent to the obvious consequences of their implementation of the unconstitutional policies, practices and customs, identified above.

**(2) Defendants' Claimed Defenses:**

Defendants County of Los Angeles and DCFS social workers contend that exigent circumstances existed so as to justify the Defendants' alleged lack of a warrant/prior judicial authorization in detaining the minors. Further, their actions

1 were reasonable, necessary, authorized and lawful pursuant to California <u>Welfare</u>

2
3 <u>and Institutions Code</u>, §§ 300, 305, 307 and 309. Defendants allege, without

4 admitting liability or the truth of Plaintiffs' allegations, that Defendants had

5 authority to take custody of minor Ryan K., pursuant to California <u>Welfare and</u>

6
7 <u>Institutions Code</u>, §§ 305 and 306, and that the actions of these answering

8 Defendants were reasonable, proper, authorized and lawful.

9
10 Defendants further contend that their actions are protected by absolute

11 and/or qualified immunity. Defendants contend that they are entitled to qualified

12 immunity because the applicable law was not clearly established and because a
13
14 reasonable official in the same position could have believed that their conduct was

15 lawful. In addition, Defendants are entitled to qualified immunity since Defendants
16
17 are public officials and the actions complained of involved discretionary functions

18 that were not prohibited by law. Defendants are also entitled to absolute immunity

19
20 from the claims, causes of action and allegations of Plaintiffs, pursuant to the

21 absolute, judicial, prosecutorial and testimony privilege of federal and state law.

22 Defendants further contend that they are immune from the claims, causes of
23
24 action and allegations of Plaintiffs, pursuant to Federal and State law and

25 decisional authority, including California <u>Meyers v. Contra Costa County</u>

26
27 <u>Department of Social Services</u> (9th Cir. 1987) 812 F.2d 1154; Government Code §

28 820.2; <u>F.E. Trotter, Inc. v. Watkins</u> (9th Cir. 1989) 869 F.2d 1312, 1314; <u>Harlow v.</u>

Fitzgerald (1982) 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396; Imbler v. Pachtman (1976) 424 U.S. 409; Gensburg v. Mcmiller (1994) 31 Cal.App.4th 512; Butz v. Economou (1978) 438 U.S. 478; Demery v. Kupperman (9th Cir. 1984) 735 F.2d 1139; Becerra v. County of Santa Cruz (1999) 68 Cal.App.4th 1450, 81 Cal.Rptr.2d 165, citing Ronald S. v. County of San Diego (1993) 16 Cal.App.4th 887, 898.

The County further contends that it does not have any unconstitutional policy, practice, procedure or custom, and therefore cannot be held liable.

In addition, Defendants contend that any acts, conduct or statements made by the County or any of its employees were privileged pursuant to California law, including, but not limited to California Civil Code § 47. Defendants contend that a juvenile dependency investigation qualifies as a "judicial or official proceeding authorized by law," under section 47(b)(2) and (3). Therefore, any statements or writings made in connection with the dependency proceeding in this case would be privileged. Defendants further contend, without admitting liability or the truth of Plaintiff's allegations, that any statements made about Plaintiffs were true.

**b.      Subject Matter Jurisdiction**

This Court has jurisdiction of the subject matter of this action based on the federal question asserted under 42 U.S.C. § 1983, and on the state claims under 26 U.S.C. §1367(a).

**c.    Legal Issues**

(1) Federal Claims

With respect to Plaintiffs' federal claims, the core issue before the Court, as to liability of the Defendants, is whether Defendants violated Plaintiffs' federal rights under 42 U.S.C. §1983 under the constitutional rights guaranteed by the First, Fourth and/or Fourteenth Amendment. Another issue is whether, even if there was a constitutional violation, the County and individual Defendants are protected by the absolute and/or qualified federal immunities. See <u>Myers v. Contra Costa County Dep't of Soc. Servs.</u> (9th Cir. 1987) 812 F.2d 1154, 1157; <u>Parkes v. County of San Diego</u> (S.D. Cal. 2004) 345 F.Supp. 2d 1071, 1086-1087; <u>Saucier v. Katz</u> (2001) 533 U.S. 194, 201-202.

As to liability of the County of Los Angeles, the central issue is whether the County maintained a policy, practice, procedure or custom that was the "moving force" behind any violation of Plaintiffs' rights. See <u>Monell v. Department of Social Services</u> (1978) 436 U.S. 658.

(2) State Claims

Plaintiffs' state law claims include the following: (1) intentional infliction of emotional distress; and (2) violation of state civil rights. The core issues with respect to liability of Defendants are whether Defendants intentionally caused Plaintiffs emotional distress and whether they violated Plaintiffs' state civil rights.

Another issue is whether Plaintiffs' state law claims are barred because Plaintiffs failed to timely file a government claim pursuant to California Government Code §§ 900, et seq., which prescribes the manner in which public entities may be sued.

Another issue is whether, even if there was a violation, the County and individual Defendants are protected by the absolute and/or qualified state statutory immunities, including but not limited to California Government Code §§ 821.6, 820.2, 820.21 and 815.2.

**d.    Parties, Evidence, etc.**

1. Parties

Plaintiffs:

- Plaintiff Darlene Ferguson
- Plaintiff Ryan K., a minor

Defendants:

- Defendant County of Los Angeles, a government entity
- Defendant Michele Loya-Chhabra
- Defendant Xiomara Flores-Holguin
- Defendant Brenda Berryhill
- Defendant Malanie Pellerin
- Defendant Tika Smith
- Defendant Belinda Williams

- Defendant Orell Williams

- Defendant Cynthia Coleman

2. Percipient Witnesses

Plaintiffs' Witnesses:

- Representatives of DCFS who will testify regarding pertinent matters related to underlying dependency case.

- Garland K. (father of minor Ryan K.)

- Garrick G. (father of Ryan K.'s half-sibling)

- Relatives and friends of Darlene Ferguson and Ryan K., who have yet to be identified, regarding their percipient knowledge of the subject events and who may have discoverable information related to Plaintiffs' allegations.

- Any Health Care Professionals who examined, treated, or consulted with Plaintiffs and who have knowledge regarding the subject matter of this lawsuit and Plaintiffs' alleged damages, all of whom have yet to be identified.

- Los Angeles County Sheriff's Department and/or Los Angeles Police Department deputies regarding their contact with Plaintiffs and their percipient knowledge of the events which are the subject of this lawsuit.

- School teachers and officials, who have yet to be identified, regarding their percipient knowledge of the underlying lawsuit and subject events.

- Other witnesses and entities who have knowledge of this lawsuit and damages and whom have yet to be identified.

Defendants' Witnesses:

- Representatives of DCFS who will testify regarding pertinent matters related to underlying dependency case.

- Garland K. (father of minor Ryan K.)

- Garrick G. (father of Ryan K.'s half-sibling)

- Relatives and friends of Darlene Ferguson and Ryan K., who have yet to be identified, regarding their percipient knowledge of the subject events and who may have discoverable information related to Plaintiffs' allegations.

- Any Health Care Professionals who examined, treated, or consulted with Plaintiffs and who have knowledge regarding the subject matter of this lawsuit and Plaintiffs' alleged damages, all of whom have yet to be identified.

- Los Angeles County Sheriff's Department and/or Los Angeles Police Department deputies regarding their contact with Plaintiffs and their

percipient knowledge of the events which are the subject of this lawsuit.

- School teachers and officials, who have yet to be identified, regarding their percipient knowledge of the underlying lawsuit and subject events.

- Other witnesses and entities, who have knowledge of this lawsuit and damages and whom have yet to be identified.

**f.    Insurance**

Defendant County of Los Angeles is a public entity and is self-insured under California Government Code Section 990.4.

**g.    Damages.**

At this point in time, damages include emotional distress damages subject to proof at trial, compensatory damages, attorneys fees and costs incurred in the R.K.'s family law case.

**h.    Manual of Complex Litigation**

N/A.

**i.    Status of Discovery**

No discovery has been taken by either party to date.   The parties will exchange initial disclosures by March 27, 2013.

1  **PARTIES' PETITIONS FOR RELEASE OF CONFIDENTIAL RECORDS**

2  **PURSUANT TO WIC § 827**

3

4      In order to protect the privacy rights of children, the legislature has enacted a

5  procedure by which juvenile records may only be obtained or inspected by the

6

7  filing of a petition with the Juvenile Court, pursuant to California <u>Welfare &</u>

8  <u>Institution Code</u> § 827 and California <u>Rules of Court</u>, Rule 5.552. Since the

9

10  underlying incident involved a Juvenile Dependency investigation, the pertinent

11  records in this matter are confidential and the Juvenile Court has exclusive

12

13  authority to determine when juvenile records will be released to the Parties.

14      On February 12, 2013, defense counsel filed Petitions for the release of

15  confidential information under <u>Welfare & Institution Code</u> Section 827 with the

16

17  Juvenile Court.  Likewise, plaintiffs' counsel intends to file the said Petitions on

18  March 25, 2013.

19      In defense counsel's own experience and based on knowledge from

20

21  colleagues in similar cases, it typically takes between 8-14 months to receive

22  Juvenile records pursuant to a Section 827 Petition.  **Since rules related to**

23

24  **confidentiality preclude disclosure of information about a juvenile case prior**

25  **to the Juvenile Court granting the Section 827 petitions, the Parties agree that**

26

27  **discovery cannot commence in earnest until after these documents have been**

28  **produced by the Juvenile Court. For these reasons, the Parties estimate a**

1 **discovery completion date of November 2014 and propose a trial date of April**

2 **2015.**

3

4    However, in defense counsel's experience, the 827 Petition process is not the

5 only process, and the federal court can issue an order directing the production of

6

7 juvenile case file documents (this includes the files of the court, and of the

8 agency), in a much shorter period of time. The federal court has the authority to

9

10 make such orders, and provided it makes the same kinds of limited-use and

11 distribution orders to preserve confidentiality that a juvenile court would make in

12

13 compliance with the California law on the subject, there is no basis not to use that

14 process, lest this matter be held up for a substantial period of time. The Parties are

15 in the process of conferring and coming up with a Joint Stipulation and Proposed

16

17 Order to present to this Court to direct the Juvenile Court to produce the case file

18 documents in a shorter time period.

19 **j.    Discovery Plan**

20

21    (1) Plaintiffs believe that discovery will be needed as to the following:

22    Plaintiffs anticipate taking a number of depositions, including several of the

23

24 individuals identified in the above Witness List. Because the juvenile court

25 records have not yet been received, it is presently unknown when Plaintiffs will be

26

27 able to begin taking depositions.

28

1    Plaintiffs intend to request that this Court take judicial notice of the appellate

2    opinions issued by the California Court of Appeal in *In re Ryan K.* (2012) 207
3
4    Cal.App.4th 591 [reversing the juvenile court's order summarily denying mother's

5    request to modify previous custody order giving father sole legal and physical
6
7    custody of R.K.] and *In re Ryan K.* (June 17, 2011, B228247 [nonpub. opn.])

8    [partial reversal of the appealed orders, namely, reversing the juvenile court's
9
10   visitation order.)   Plaintiffs also intend to request that this Court take judicial

11   notice of the related family law file if needed.

12   Plaintiffs will begin serving written discovery as soon as the County's
13
14   attorneys have been granted their Cal. Welf. & Inst. Code §827 order.  Plaintiffs

15   anticipate that written discovery should be complete within six months after all
16
17   parties have gained access to confidential juvenile records.

18   (2) Defendants believe that discovery will be needed as to the following:

19   (i) Depositions: Defendants intend to take the depositions of both Plaintiffs
20
21   as well as the percipient witnesses identified above in (See Section d.).  Defendants

22   intend to depose any and all percipient witnesses who have knowledge of the
23
24   subject events and relevant events which occurred before, during, and after the

25   subject incident and who may have relevant information related to Plaintiffs'
26
27   allegations and claimed damages. The identity of these witnesses will be obtained

28   upon further discovery. Defendants anticipate the need to depose at least five

individuals (including the Plaintiffs) concerning the underlying incident and related subject matter as well as Plaintiffs' allegations and damages.

(ii) Written discovery: Defendants anticipate further written discovery to be propounded on both Plaintiffs, including Special Interrogatories, Requests for Production and Requests for Admission.

(iii) Subject matter of discovery: Defendants anticipate that discovery will be needed on facts and circumstances surrounding the underlying incident, including Plaintiffs interactions with representative of DCFS, Plaintiffs conduct relative to services provided by DCFS and other pertinent matters related to the underlying dependency case. Discovery will also be needed with respect to Plaintiffs' interactions with Los Angeles County Sheriff's Department and/or Los Angeles Police Department during the underlying dependency case.

With respect to damages, Defendants also anticipate that discovery will be needed from Plaintiffs' treating physicians with respect to Plaintiffs' claimed damages including medical expenses and "great emotional and psychological distress." Defendants intend to have Plaintiffs submit to a Defense Mental Exam ("DME") to explore Plaintiffs' claimed psychological damages.

(3) Discovery Completion

See Schedule of Pretrial and Trial Dates, attached hereto as Exhibit "A."

**k.    Discovery Cut-Off**

See Schedule of Pretrial and Trial Dates, attached hereto as Exhibit "A."

This schedule takes into account the anticipated delays described above, which relate to the issues pertaining to disclosure of confidential records, pursuant to WIC §827 (See Section "i").

**l.    Expert Discovery**

See Schedule of Pretrial and Trial Dates, attached hereto as Exhibit "A."

**m.    Dispositive and Other Motions**

Plaintiffs intend to file a Motion for Judicial Notice in regards to:   the appellate opinions issued by the California Court of Appeal in *In re Ryan K.*, *supra*, 207 Cal.App.4th 591 [reversing the juvenile court's order summarily denying mother's request to modify previous custody order giving father sole legal and physical custody of R.K.] and *In re Ryan K.* (June 17, 2011, B228247 [nonpub. opn.]) [partial reversal of the appealed orders, namely, reversing the juvenile court's visitation order); and, related family law file if needed.  Plaintiffs also anticipate filing a motion for judgment on the pleadings, or a Rule 56 motion for partial summary judgment on their claims, and partial summary judgment as to Defendant County's affirmative defenses.

Defendants expect to file Motions for Summary Judgment/Partial Summary Judgment on issues of liability and possibly damages after the close of discovery.

**n.    Settlement/Alternative Dispute Resolution Statement**

No settlement discussions have taken place to date.   The Parties are amenable to having the assigned magistrate conduct a settlement conference.

**o.    Trial Estimate**

Plaintiffs estimate that the length of trial will be 10 days and contemplates calling between 15 and 20 witnesses.

Defendants estimate that the trial of this action will take approximately 5 days.  Defendants presently estimate they will call approximately ten (10) witnesses.

Both parties request a jury trial.

**p.    Trial Counsel**

Plaintiffs' Trial Counsel:

    Liana Serobian, SBN: 235466
    SEROBIAN LAW, INC.
    100 N. Brand Blvd., Suite 600
    Glendale, CA 91203

Defendants' Trial Counsel:

    David J. Weiss, SBN: 78542
    Law Offices of David J. Weiss
    11340 W. Olympic Blvd., Suite 100
    Los Angeles, CA 90064
    (310) 575-9566
    weissd@djwlaw.com

**q.    Independent Expert or Master        N/A.**

-- 20 --

**r.**   **Timetable**

See Schedule of Pretrial and Trial Dates, attached hereto as Exhibit "A."

This schedule takes into account the anticipated delays described above, which relate to the issues pertaining to disclosure of confidential records, pursuant to WIC §827 (See Section "i").

**s.**   **Other Issues**

None, other than the issues pertaining to disclosure of confidential records, pursuant to WIC § 827 (See Section "i").

**t.**   **Patent Cases**

N/A.

**u.**   **Magistrate Judge Assignment**

The Parties do not consent to a Magistrate Judge assignment at this time.

March 25, 2013                          **SEROBIAN LAW, INC.**
                                        **/s/ Liana Serobian**
                                        _____
                                        LIANA SEROBIAN, ESQ.
                                        Attorney for Plaintiffs,
                                        **DARLENE FERGUSON, and**
                                        **RYAN K., a minor**


March 22, 2013                          **LAW OFFICES OF DAVID J. WEISS**
                                        **/s/ Danielle F. Drossel**
                                        _____
                                        DAVID J. WEISS, ESQ.
                                        DANIELLE F. DROSSEL, ESQ.
                                        Attorneys for Defendant,
                                        **COUNTY OF LOS ANGELES, et al.**

## SCHEDULE OF PRETRIAL AND TRIAL DATES

| Case No.: | CV12-06865 JAK (Ex) |
|---|---|
| Case Name: | Darlene Ferguson, et. al v. Los Angeles County, et. al |

| Matter | | Plaintiff(s) Request | Defendant(s) Request | Court Order |
|---|---|---|---|---|
| ✓ Jury Trial [  ] Court Trial: (Tuesday at 9:00 a.m.)<br>Duration Estimate: ___ 5-10 Days / ___ Weeks | | 4/15/14 | 4/14/15 | |
| Status Conference re Exhibits: (Friday at 3:00 p.m.)<br>Friday before the trial date | | 4/11/14 | 4/10/15 | |
| Final Pretrial Conference: (Monday at 3:00 p.m.)<br>2 weeks before the trial | | 3/31/14 | 3/30/15 | |
| Post Mediation Status Conference: (Monday at 1:30 p.m.)<br>30 days before the cut-off date | | 12/30/13 | 12/29/14 | |

| Matter | Weeks Before Trial | Plaintiff(s) Request | Defendant(s) Request | Court Order |
|---|---|---|---|---|
| Last Date to Amend Pleadings/Add Parties | | 6/3/13 | 6/3/13 | |
| Non-Expert Discovery Cut-Off | 16 | 12/24/13 | 12/23/14 | |
| Expert Disclosure (initial) | 15 | 12/31/13 | 12/30/14 | |
| Expert Disclosure (rebuttal) | 11 | 1/28/14 | 1/27/15 | |
| Last Date to Conduct Settlement Conference | 10 | 2/4/14 | 2/3/15 | |
| Expert Discovery Cut-Off | 8 | 2/19/14 | 2/17/15 | |
| Last Date to Hear Motions | 8 | 2/18/14 | 2/16/15 | |

| Settlement Procedure Selection<br>(ADR-12 Form will be completed by Court):<br>○. Magistrate Judge<br>2. Attorney Settlement Officer Panel<br>3. Outside ADR/Non-Judicial | M. J. | M. J. | |
|---|---|---|---|

Exhibit "A"