**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| DARLENE FERGUSON, et al., | ) | NO. CV 12-6865-JAK(Ex) |
| Plaintiff, | ) | |
| v. | ) | SETTLEMENT CONFERENCE |
| | ) | ORDER |
| COUNTY OF LOS ANGELES, et al., | ) | |
| Defendants. | ) | |

**PLEASE READ THIS ORDER CAREFULLY!**  The Honorable
John A. Kronstadt, United States District Judge, has referred this
case for a settlement conference.  Magistrate Judge Charles F. Eick
will act as a settlement judge who will not be involved in the actual
trial of the case and who will assist in an objective appraisal and
evaluation of the lawsuit.  The following are mandatory guidelines for
the parties in preparing for the settlement conference.

        1.  In addition to counsel who will try the case being present, a
person with full settlement authority must likewise be present for the
conference.  This requirement contemplates the presence of your client

or, if a corporate or governmental entity, an authorized representative of your client.[1]  For a defendant, such representative must have final settlement authority to commit the defendant to pay, in the representative's discretion, a settlement amount recommended by the settlement judge up to the plaintiff's prayer (excluding punitive damage prayers in excess of $100,000.00) or up to the plaintiff's last demand, whichever is lower.[2]  For a plaintiff, such representative must have final authority, in the representative's discretion, to authorize dismissal of the case with prejudice, or to accept a settlement amount recommended by the settlement judge down to the defendant's last offer.  The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior.

        2.  If Board approval is required to authorize settlement, attendance of the entire Board is requested.  The attendance of at least one sitting member of the Board (preferably the Chairman) is absolutely required.

///

_____

        [1]    However, if the United States or a federal agency is a party, an Assistant U.S. Attorney may appear without a representative.  See Local Rule 16-14.5(b).
        Additionally, the Court may grant any client or client representative leave to be available by telephone rather than in person, upon a particularized showing, made in advance of the conference, that a personal appearance would involve significant hardship.

        [2]    If the settlement amount would be paid by a governmental entity, the representative of the defendant need not have such final settlement authority, but shall have as much settlement authority as would be practical to obtain before the conference.

1     3.   Counsel appearing without their clients (whether or not you

2   have been given settlement authority) will cause the conference to be

3   cancelled and rescheduled.   The noncomplying party, attorney, or both,

4   may be assessed the costs and expenses incurred by other parties and

5   the court as a result of such cancellation, as well as any additional

6   sanctions deemed appropriate.

7

8     4.   Any insurance company that is a party or is contractually

9   required to defend or to pay damages, if any, assessed within its

10   policy limits in this case, must have a fully authorized settlement

11   representative present at the conference.   Such representative must

12   have final settlement authority to commit the company to pay, in the

13   representative's discretion, an amount recommended by the settlement

14   judge within the policy limits.   The purpose of this requirement is to

15   have an insurance representative present who can settle the

16   outstanding claim or claims during the course of the conference

17   without consulting a superior.   An insurance representative authorized

18   to pay, in his or her discretion, up to the plaintiff's last demand

19   will also satisfy this requirement.   Counsel of record will be

20   responsible for timely advising any involved non-party insurance

21   company of the requirements of this Order.

22

23     5.   The settlement judge may, in his discretion, converse with

24   the lawyers, the parties, the insurance representatives, or any one of

25   them outside of the hearing of the other.

26   ///

27   ///

28   ///

1     6.  Prior to the settlement conference, the attorneys are

2  directed to discuss settlement with their respective clients and

3  insurance representatives, so the parameters of settlement have been

4  explored well in advance of the settlement conference.

5

6     7.  A settlement conference statement of each party must be

7  submitted <u>directly to the chambers of the settlement judge (Room 342)</u>,

8  or, in the alternative, faxed directly to the chambers of the

9  settlement judge (213-894-3335), no later than 5:00 p.m. on

10  **October 28, 2013,** setting forth the relevant positions of the parties

11  concerning the factual issues, issues of law, damages, and the

12  settlement negotiation history of the case, including a recitation of

13  any specific demands and offers that may have been conveyed.  Damages

14  must be itemized fully.  Copies of your settlement conference

15  statements need not be served upon opposing counsel.  The settlement

16  conference statement may not exceed five (5) pages in length and will

17  not be made a part of the case file.

18

19     8.  The purpose of the settlement conference is to permit an

20  informal discussion between the attorneys, parties, non-party

21  indemnitors or insurers, and the settlement judge, of every aspect of

22  the lawsuit bearing on its settlement value.

23

24     9.  Neither the settlement conference statements nor

25  communications of any kind occurring during the settlement conference

26  can be used by any party with regard to any aspect of the litigation

27  or trial of the case.

28  ///

1      10.   The settlement conference is set for Monday, the 4th day of

2   November, 2013, at 1:30 p.m., in Courtroom 20, United States

3   Courthouse, 312 North Spring Street, Los Angeles, California.

4

5      DATED:   September 16, 2013.

6

7                          _____/S/_____

                              CHARLES F. EICK

8                  UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28